988 F.2d 118
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ellen BRASWELL, Plaintiff-Appellant,
v.
LOS ANGELES UNIFIED SCHOOL DISTRICT, Defendant-Appellee.
 No. 91-55365.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 4, 1993.*
Decided Feb. 11, 1993.
 
 Appeal from the United States District Court for the Central District of California, No. CV 89-1522-JDG; John G. Davies, District Judge, Presiding.
 C.D.Cal.
 AFFIRMED.
 Before PREGERSON, LEAVY and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 On January 8, 1990, the appellant, a black school teacher, filed a third amended complaint against the Los Angeles Unified School District ("school district"), alleging claims of race and sex discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et. seq., and 42 U.S.C. §§ 1981 and 1983. The school district moved for summary judgment. The appellant's counsel withdrew shortly before the hearing on the motion, filing a declaration with the district court as to why she withdrew. The appellant proceeded pro se.
 
 
 3
 Because of the appellant's pro se status, the court granted numerous continuances and repeatedly informed the appellant in writing and orally prior to the hearing on the motion for summary judgment that the materials she had provided thus far were deficient to show that genuine issues of fact remained for trial.
 
 
 4
 The issues on appeal are: (1) whether the district court properly applied Federal Rule of Civil Procedure 56(e); (2) whether the court abused its discretion in denying the appellant a court-appointed attorney; (3) whether the district court's denial of appellant's request of additional discovery was an abuse of discretion; and (4) whether the district court's ruling that appellant could not amend her third amended complaint was an abuse of discretion.
 
 
 5
 1. Whether the District Court Erred in Its Application of Rule 56(e)
 
 
 6
 The appellant argues that the district court was obligated to examine the entire record to determine if there was a genuine issue of material fact.
 
 
 7
 We have held that a court's duty to sift through the record to determine if there are genuine issues of fact (especially where there is no reference to pertinent exhibits) is limited by the promulgation of a local rule. Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec, 854 F.2d 1538, 1545 (9th Cir.1988) (per curiam) ("Hydrolec "). Hydrolec, like this case, was filed in the Central District of California, where Local Rules 7.14.2 and 7.14.3 govern the requirements for plaintiffs and defendants in summary judgment motions. Under these local rules, there is "an affirmative burden to list genuine issues with appropriate record citations in order to withstand the motion for summary judgment." Id. Consequently, we held that
 
 
 8
 when a local rule such as United States District Court-Central District of California Rule 7.14.3 has been promulgated, it serves as adequate notice to nonmoving parties that if a genuine issue exists for trial, they must identify that issue and support it with evidentiary materials, without the assistance of the district court judge.
 
 
 9
 Id. (emphasis added). In other words, "the law of this circuit ... recognizes that a district court is under no obligation to mine the full record for issues of triable fact." Schneider v. TRW, Inc., 938 F.2d 986, 990 n. 2 (9th Cir.1991) (citing Hydrolec, 854 F.2d at 1545).
 
 
 10
 Therefore, neither the district court nor this court need sift through the record, particularly where appellant was warned that her opposition was deficient for failure to contain facts. See Hydrolec, 854 F.2d at 1545 (trial court warns party that its opposition was insufficient). Despite every latitude the court provided, the appellant followed neither the local rules, of which she was aware (see ER 1 at 214), nor the court's specific instructions to produce facts.
 
 
 11
 Where the district court gave the appellant every benefit, the latitude to ignore formalities on the part of a pro se plaintiff does not extend to a complete failure to comply with the rules and the court's instructions. We affirm the district court on the sole ground that Local Rule 17.14.3 "serves as an adequate notice to nonmoving parties that if a genuine issue exists for trial, they must identify that issue and support it with evidentiary materials, without the assistance of the district court judge." Hydrolec, 854 F.2d at 1545.[1]
 
 
 12
 2. Whether the District Court Erred in Denying the Request for Additional Discovery
 
 
 13
 The appellant argues that she could not obtain important evidence for her case because the court denied her request for additional discovery. A district court's discovery rulings are reviewed for an abuse of discretion. United States v. Mandel, 914 F.2d 1215, 1219 (9th Cir.1990).
 
 
 14
 The appellant filed a motion to serve additional interrogatories on November 13, 1990, only two weeks before the rescheduled hearing on summary judgment on November 26, 1990. She did not file an affidavit to show that she could not present facts essential to justify her opposition as required by Rule 56(f). In view of the fact that there already had been a substantial passage of time and numerous continuances in deference to the appellant's status, we conclude that the district court did not abuse its discretion in denying additional interrogatories.
 
 
 15
 3. Whether the District Court's Denial of the Request for a Court-Appointed Attorney Was an Abuse of Discretion
 
 
 16
 The appellant argues that the district court should have appointed her counsel. A district court's decision on a motion for appointment of counsel is reviewed for an abuse of discretion. Bradshaw v. Zoological Soc. of San Diego, 662 F.2d 1301, 1318 (9th Cir.1981).
 
 
 17
 There are three factors a district court must weigh in its decision whether to appoint counsel: (1) the plaintiff's ability to pay; (2) the efforts plaintiff makes to secure counsel; and (3) whether the claim has merit. Bradshaw, 662 F.2d at 1318. The district court recognized that plaintiff alleged she could not afford counsel and that she had made diligent efforts to find a substitute counsel. However, the court decided that, in the face of the defendant's motion for summary judgment and the evidence presented thus far in opposition to it, the appellant's claim lacked merit. We affirm the district court's ruling.[2]
 
 
 18
 4. Whether the District Court Erred in Denying Leave to Amend the Third Amended Complaint
 
 
 19
 The appellant argues that she wished to amend her third amended complaint to reinstate the claims of age discrimination, defamation, intentional infliction of emotional distress, and retaliation, which were first alleged in the first amended complaint. The claims were dropped from the second and third amended complaints by appellant's attorney after the court dismissed the first amended complaint for failure to state a claim under Rule 12(b)(6).
 
 
 20
 The denial of leave to amend after a responsive pleading has been filed is reviewed for an abuse of discretion. Texaco, Inc. v. Ponsoldt, 939 F.2d 794, 798 (9th Cir.1991).
 
 
 21
 The Supreme Court allows dismissal of a pro se complaint for failure to state a claim only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Rizzo v. Dawson, 778 F.2d 527, 529-30 (9th Cir.1985). The district court had ruled early in the case that the appellant could prove no set of facts in support of age discrimination, defamation, intentional infliction of emotional distress, and retaliation. It did not abuse its discretion, therefore, to dismiss a motion to reinstate the same claims.
 
 
 22
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Simply by reading the defendant's motion, which identifies precisely the material facts and gives record citations, this articulate, educated appellant should have been able to identify disputed facts and provide references to the record, if any
 
 
 [2]
 This court has held that an EEOC determination of "reasonable cause" is ordinarily sufficient to show a plaintiff's case has merit. Bradshaw, 662 F.2d at 1319-20. However, Bradshaw did not involve a summary judgment motion. Rather, it involved a reversal of a summary judgment motion on a Title VII and section 1983 action and a remand for further proceedings. Here, where appellant requested counsel when faced with a summary judgment motion, the question of merit is different from whether the pleadings are adequate to support a claim